# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | ) |
| | ) Bankr. No. 17-20543-JAD |
| DAVID H. ZIMMER, | ) Adversary No.17-02230-JAD |
| | ) Chapter 7 |
| Debtor. | ) |
| _____ | X |
| | ) |
| | ) Related to ECF Nos. 7 & 32 |
| ROSEMARY C. CRAWFORD, | ) |
| CHAPTER 7 TRUSTEE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| - v - | ) |
| | ) |
| DANIEL P. MORRIS and | ) |
| LUCILLE A MORRIS, | ) |
| | ) |
| Defendants. | ) |
| _____ | X |

## MEMORANDUM OPINION[1]

The matter before the Court is the Defendants' *"Second Motion [...] to Dismiss the Complaint"* (the "Second Motion").

This adversary proceeding is a preference action pursuant to 11 U.S.C. § 547. The gist of the complaint is that Defendants allegedly recorded certain judgment liens or attachment liens during the 90 day preference period, and the

---

[1] This matter is a core proceeding over which the Court has the requisite subject matter jurisdiction pursuant to 28 U.S.C.§§ 157(b)(F) and 1334.

00024464

Plaintiff alleges that such transfers are avoidable.

The Defendants contend that while the alleged transfers were to have occurred during the 90 day preference period from the commencement of this case as a Chapter 13 on February 14, 2017, the Defendants contend that the subsequent conversion of this case to a Chapter 7 on May 4, 2018 effectively moves the petition date for purposes of calculating the 90 day look back period under 11 U.S.C. § 547.

In looking at the authorities cited by the parties, this Court agrees with the court in In re Loganbill, 570 B.R. 810, 814 (Bankr. W.D. Mo. 2017) that the "relevant date for determination of preferences under § 547 is the date of filing of the original petition notwithstanding the intervening confirmation of a plan and intervening conversion to Chapter 7."

This conclusion is consistent with the plain text of the bankruptcy preference statute, which states that the preference look back period for non-insider transactions are those transfers that are "made within 90 days of the bankruptcy filing..." 11 U.S.C. § 547(b). The plaint text of 11 U.S.C. § 348(a) also supports this conclusion because this statute states that conversion of a case to another chapter "does not effect a change in the date of the filing of the petition, the commencement of the case, or the order for relief."

When "the statute's language is plain, the sole function of the courts . . . is to enforce it according to its terms." Lamie v. United States Tr., 540 U.S. 526, 534

(2004). As such, this Court finds that the Defendants' Second Motion to Dismiss filed at ECF #32 is not convincing, and an order shall be entered that denies the same with prejudice.

Parenthetically, the Court also observes that no order appears on the docket with respect to the Defendants' first *Motion to Dismiss Adversary Proceeding*, filed at ECF #7 (the "First Motion to Dismiss"). In this First Motion to Dismiss, the Defendants seek dismissal of the Plaintiff's complaint based on a "relation back" theory as to their judgment/garnishment liens. This Court believes that the record needs to be more fully developed as to this theory of defense, and as a result the First Motion to Dismiss is denied without prejudice to the Defendants ability to re-assert this defense at the summary judgment stage or trial of this matter.

An appropriate Order shall be entered.

Dated: June 27, 2018

_____
Jeffery A. Deller
Chief U.S. Bankruptcy Judge

cc:    Mr. Daniel Morris & Mrs. Lucille Morris
       Rosemary Crawford, Esq., Chapter 7 Trustee

FILED
6/27/18 1:58 pm
CLERK
U.S. BANKRUPTCY
COURT - WDPA